[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is before the court on the motion of the defendants, Anita and Augustus Molesky (the "Moleskys") to dissolve a writ attachment issued by the plaintiff Fleet National Bank ("Fleet'). The Moleskys contend that Fleet issued a writ of attachment of their property without a hearing as required by General Statutes § 52-278e.
On September 21, 2001, the plaintiff caused the State Marshall to serve a writ, summons and complaint on the Moleskys at their place of abode. The return date was December 18, 2001. On December 10, 2001, an appearance was filed on behalf of the Moleskys. On March 8, 2002, the plaintiffs filed with the Clerk of the Court notice of ex-parte prejudgment remedy along with a writ and direction for attachment and affidavit of the plaintiff. There is no indication that the notice of ex-parte remedy and its attachments were served on the Moleskys, but on March 12, 2002, the defendants filed the subject motion to dissolve the writ of attachment. The attachment was a culmination of a loan transaction between the defendant ADW Incorporated ("ADW") and Fleet.
On March 23, 1999, Bank of Boston, N.A., the predecessor of Fleet, made a $150,000 loan to and ADW which in turn executed a $150,000 promissory note made to the order of Bank Boston and constituting an obligation to repay a loan. To further assure the repayment of the loan, the Moleskys each executed a document entitled "Commercial Guaranty," guarantying the payment and performance of the $150,000 note. Both the note and each guaranty contained an acknowledgment that the transaction was CT Page 8203-dc commercial. They expressly stated that the signer waived "any right that the borrower" has to notice and hearing with respect any prejudgment remedy which the lender or its successor or assigns may desire to use. Complaint.
A commercial transaction is "a transaction which is not a consumer transaction." General Statutes § 52-278a (a). A consumer transaction is one in which a natural person obligates himself to pay for goods sold or leave, services rendered or money loaned for personal, family or household purpose." General Statutes § 52-278a (b). In an action on a commercial transaction as so defined wherein the debtor has waived his right to notice, the attorney for the plaintiffs may issue a writ for a prejudgment remedy without securing a court order and therefore without a hearing. General Statutes § 52-278f. Absent such a waiver, the debtor is entitled to notice and a hearing prior to the entry of a prejudgment remedy. General Statutes § 52-278 (c)(a)(3).
The Moleskys did execute a commercial waiver, in so doing they did not waive their legal right to notice and a hearing prior to the attachment of their property. The commercial waiver contained in the guaranty they signed waived the right of the borrower to notice, not the right of the guarantor to notice. Since the Moleskys did not waive their individual right to notice, the plaintiff had no authority to issue a writ of prejudgment remedy without notice, a hearing or court order. Accordingly, the defendants' motion to dissolve is granted.
 ___________________ Vanessa L. Bryant, J.
CT Page 8203-dd